# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS K. KIEREN, JR., | |
| Petitioner, | 3:07-cv-00341-LRH-RAM |
| vs. | |
| | ORDER |
| STATE OF NEVADA ATTORNEY GENERAL, | |
| Respondent. | |

This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on the petitioner's motion (#8) for anticipatory tolling of the one-year limitation period under 28 U.S.C. § 2244(d)(1). Petitioner asserts that the federal limitation period potentially will expire on March 27, 2008, but that counsel will not be able to file an amended petition by that date because, *inter alia,* additional state court transcripts have not yet been received and investigation has not been completed. In view of the short time frame involved, the Court has addressed the motion without waiting for the completion of the normal briefing cycle, so that counsel may take the Court's ruling into account.

The motion will be denied. Any question as to, *e.g.,* whether the petitioner exercised due diligence and whether extraordinary circumstances beyond the petitioner's control – including, but not limited to, the recent circumstances outlined in the motion – prevented the filing of any new claims timely instead will be addressed after an amended petition is filed if a timeliness issue is raised by the respondents or by the Court *sua sponte*.

The Court's denial of the motion does not constitute an express or implied holding as to any legal or factual issue regarding any federal limitation issue raised in this matter. The Court's denial of the motion is without prejudice to the respective positions of both petitioner and the respondents.

The Court will not preclude the petitioner from filing a first amended petition on or before March 27, 2008, and potentially following thereafter with a second amended petition. If counsel proceeds in this fashion, a motion for an extension of time to file a second amended petition should be submitted at the same time as the first amended petition. The Court's grant of any such extension request also would be without prejudice to the respective positions of both petitioner and the respondents on any federal limitation issue raised. Petitioner further may delay the filing of any state court record exhibits until the filing of the second amended petition if petitioner proceeds in this fashion.

Petitioner additionally, if necessary, may seek an order pursuant to Rule 5(b) of the Rules Governing Section 2254 Cases with regard to transcripts or other state court records. It is the Court's preference to issue such an order only as necessary and further with due regard to the state court's competing demands for its court reporters and clerical personnel. The Court will entertain, however, any request for such relief necessary for the timely pursuit of petitioner's claims. Any request for an order from the Court should be specific as to the transcripts or records sought, from which personnel, and by what date.

IT THEREFORE IS ORDERED that the petitioner's motion (#8) for anticipatory tolling is DENIED.

DATED this 18th day of March, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE