UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DENNIS K. KIEREN, JR.,<br><br>Petitioner,<br><br>v.<br><br>STATE OF NEVADA ATTORNEY GENERAL, et al.,<br><br>Respondents. | Case No. 3:07-cv-00341-LRH-WGC<br><br>ORDER |

This court denied petitioner Dennis K. Kieren, Jr.'s counseled motion for leave to file an amended 28 U.S.C. § 2254 habeas petition (ECF No. 83). Almost a year later, petitioner filed a motion for district court to reconsider its order denying the motion for leave to amend the petition (ECF No. 86). Respondents opposed (ECF No. 90), and Kieren replied (ECF No. 94).

In 2011, this court—only reaching ground 5, the *Kazalyn* instruction claim — conditionally granted Kieren's habeas petition (ECF No. 44). Ultimately, in September 2014, the Ninth Circuit reversed (ECF No. 59). In its order reversing the grant of habeas relief as to ground 5 and remanding for consideration of the remaining claims, the Ninth Circuit discussed how *White v. Woodall* effectively overruled *Babb* and explained:

> …at least before 2003, it was not an unreasonable application of clearly established federal law to not apply *Byford v. State* . . . to convictions pending at the time that *Byford* was decided. Kieren's conviction was pending at the time *Byford* was decided, but his conviction became final –

1

and the Nevada Supreme Court issued its relevant decision – in 2002. We, therefore, hold that the Nevada Supreme Court did not unreasonably apply clearly established federal law when it declined to apply *Byford* in Kieren's case.

(ECF No. 59).[1]

Upon remand, Kieren moved for leave to file an amended petition in order to assert a "*Nika/Bunkley*" claim in his federal habeas proceedings (ECF No. 75). This court denied leave to amend as futile: "[b]ecause the court of appeals reversed the grant of habeas relief in light of the current state—both at the time it issued its order and the date of this order—of the law regarding the *Kazalyn* instruction and federal habeas review." Citing *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."); *see also Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (ECF No. 83, p. 4).

A year after the denial of leave to amend, petitioner moves for reconsideration of the interlocutory order under Local Rule 59-1. The Local Rule provides that a movant may be entitled to relief where, among other things, there has been a change in legal or factual circumstances or an intervening change in controlling law.

Kieren argues that his factual circumstances have changed because the Nevada Supreme Court affirmed the denial of his most recent state postconviction petition on June 15, 2017 (ECF No. 86, p. 4; exhibit 105).[2] He also argues that legal circumstances have changed because *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016),

---

[1] *See also*, timeline of state, circuit and Supreme Court caselaw relevant to the *Kazalyn* instruction in this court's order dated September 27, 2016 (ECF No. 83).
In *Byford v. State*, 994 P.2d 700, 713 (Nev. 2000), the Supreme Court of Nevada concluded that the "*Kazalyn* instruction" "blur[red] the distinction between first- and second-degree murder" by not sufficiently distinguishing between the distinct elements of deliberation and premeditation.
In *White v. Woodall*, 134 S.Ct. 1697 (2014) – the United States Supreme Court held that federal courts may extend Supreme Court rulings to new sets of facts on habeas review only if it is "beyond doubt" that the ruling applies to a new set of facts. It is beyond doubt that a ruling applies to a new set of facts only if there can be no "fairminded disagreement" on the question.
In *Moore v. Helling*, 763 F.3d 1011, 1021 (9th Cir. 2014), the Ninth Circuit determined that *White v. Woodall* effectively overruled *Babb. v. Lozowsky*, 719 F.3d 1019, 1032-1033 (9th Cir. 2013), and held that, at least before *Bunkley v. Florida* was decided in 2003, it was not an unreasonable application of clearly established federal law not to apply *Byford* to convictions that were not final at the time that *Byford* was decided.
[2] Exhibits referenced in this order are exhibits to Kieren's motion for reconsideration, ECF No. 86, and are found at ECF No. 87.

2

and *Welch v. U.S.*, 136 S. Ct. 1257 (2016) represent a change in the law that must allow Kieren to obtain the benefit of *Byford* on collateral review.

In *Montgomery*, the Supreme Court concluded that *Miller v. Alabama*,[3] which held that mandatory life without parole for juveniles violates the Eighth Amendment, announced a substantive rule of constitutional law, and therefore, must be applied retroactively by state and federal courts. 136 S. Ct. at 736, 727; *see also, Welch*, 136 S. Ct. at 1265 (holding that its decision in *Johnson*[4] that the residual clause of the federal Armed Career Criminal Act of 1984 was void for vagueness, announced a new substantive rule of constitutional law which, therefore, must be applied retroactively).[5] Kieren now argues that, under *Montgomery*, the Nevada Supreme Court must apply *Nika/Byford* retroactively.[6]

But respondents are correct that Kieren conflates new Supreme Court rules with new State court rules and conflates *Teague* with *Bunkley*. In fact, recognizing the problem that *Nika/Byford* constitutes a new state rule, not a new constitutional rule, Kieren frames the claim he wants to add to his petition as a *Nika/Bunkley* claim. In *Bunkley v. Florida*,[7] the Supreme Court held that a change in state law must be applied retroactively in order to satisfy due process. Kieren tries to bootstrap a new constitutional rule onto his analysis by invoking *Bunkley*. But the new rule at issue for Kieren's purposes, is *Nika/Byford*, a state rule or change of state law. *Montgomery* simply does not dictate that the Nevada Supreme Court is required to apply *Nika/Byford*

---

[3] 567 U.S. 460, 465 (2012).
[4] *Johnson v. United States*, 135 S.Ct. 2551 (2015).
[5] *Montgomery* and *Welch* follow the Supreme Court's decision in *Teague v. Lane*, 489 U.S. 288 (1989). Under *Teague*, generally, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Teague*, 489 U.S. at 310. *Teague* and its progeny recognize two categories of decisions that fall outside this general bar on retroactivity for procedural rules. New substantive rules generally apply retroactively. *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004); *Teague*, 489 U.S. at 307, 311. Also, new "'watershed rules of criminal procedure,'" which are procedural rules "implicating the fundamental fairness and accuracy of the criminal proceeding," will also have retroactive effect. *Saffle v. Parks*, 494 U.S. 484, 495 (1990); *see Teague*, 489 U.S. at 311–313.
[6] In *Nika v. State*, 198 P.3d 839, 848-850 (Nev. 2008), the Supreme Court of Nevada held that *Byford* announced a change in state law that applies to cases that were not final when Byford was decided.
[7] 538 U.S. 835 (2003),

3

retroactively for petitioners whose convictions became final before the *Bunkley* decision issued. Kieren's argument is, therefore, unavailing.

Kieren's *Kazalyn*-instruction claim has been adjudicated on the merits several times, and *White v. Woodall* and *Moore v. Helling* continue to apply to such claims that pre-date *Bunkley*. Petitioner has not demonstrated that a change in legal or factual circumstances or an intervening change in controlling law warrant reconsideration of the denial of the motion to amend. Kieren's motion for reconsideration is, therefore, denied.

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (ECF No. 86) is **DENIED**.

DATED this 5th day of March, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE